**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gabriel VALENZUELA–SAINZ,**
**Defendant–Appellant.**

No. 08–50561.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Max A. Regula, Esquire, Special Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Charles N. Guthrie, Esquire, San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Gabriel Valenzuela–Sainz appeals from the 60–month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. Our jurisdiction is governed by 28 U.S.C. § 1291, and we dismiss.

Valenzuela–Sainz contends the district court erred by failing to recommend him to the Bureau of Prisons' ("BOP") 500–hour residential treatment program for substance abuse. Authority to determine whether a prisoner enters a residential treatment program resides in the executive branch of the government and is delegated to the BOP. *See* 18 U.S.C. § 3621(b), (e); *see also Downey v. Crabtree,* 100 F.3d 662, 666 (9th Cir.1996) ("[The BOP] has broad discretion over the entire drug-treatment process within the federal corrections system, beginning with determining which inmates ever enter substance-abuse programs."). Because eligibility and referral to the residential substance abuse treatment program is not within the district court's authority, we have no jurisdiction to consider Valenzuela–Sainz's claim on appeal.

**DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.